Stephen R. Brown
Elena J. Zlatnik
GARLINGTON, LOHN & ROBINSON, PLLP
199 West Pine • P.O. Box 7909
Missoula, MT  59807-7909
Telephone:  (406) 523-2500
Telefax:  (406) 523-2595
srbrown@garlington.com; ejzlatnik@garlington.com

Attorneys for Bar-One Ranch Management, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CV 09-130-M-DWM-JCL |
| Plaintiff, | |
| v. | |
| BAR-1 RANCH, LTD; BAR-1 RANCH, LLC; BAR-1 RANCH 2, LLC; BAR-ONE RANCH MANAGEMENT, LLC; and ALFRED BARONE, | ANSWER OF BAR-ONE RANCH MANAGEMENT, LLC |
| Defendants. | |

Defendant Bar-One Ranch Management, LLC ("BRM") answers the

Complaint of Plaintiff United States of America ("United States") as follows:

1

696198

1.      Answering Paragraph 1, BRM admits this is a civil action that the United States has commenced under the referenced statutes.  BRM denies it violated or otherwise is liable under these statutes and further denies remainder of Paragraph 1.

2.      Answering Paragraph 2, BRM admits this is a civil action that the United States has commenced under the referenced statutes.  BRM denies that it violated or otherwise is liable for civil penalties or otherwise under the referenced statutes and further denies the remainder of Paragraph 2.

3.      BRM admits that the United States seeks the relief alleged in Paragraph 3, but denies that BRM is subject to such relief.

4.      BRM denies Paragraph 4.

5.      Answering Paragraph 5, BRM admits that venue is proper in the District of Montana as to BRM.  BRM is without information or belief as to the remaining allegations in Paragraph 5 and on that basis denies the allegations.

6.      BRM is without information or belief as to the allegations in Paragraph 6, and on that basis denies the allegations.

7.      BRM admits the first sentence of Paragraph 7.  BRM is without information or belief as to the allegations in the second sentence of Paragraph 7, and on that basis denies the allegations.

696198

8.     BRM is without information or belief as to the allegations in Paragraph 8, and on that basis denies the allegations.

9.     BRM is without information or belief as to the allegations in Paragraph 9, and on that basis denies the allegations.

10.    BRM is without information or belief as to the allegations in Paragraph 10, and on that basis denies the allegations.

11.    BRM admits Paragraph 11.

12.    Answering Paragraph 12, BRM admits that Defendant Alfred Barone ("Barone") is an individual.  BRM is without information or belief as to the remaining allegations in Paragraph 12, and on that basis denies the allegations.

13.    BRM is without information or belief as to the allegations in Paragraph 13, and on that basis denies the allegations.

14.    Answering Paragraph 14, BRM admits that the first sentence of 33 U.S.C. § 1251(a) states:  "The objective of this chapter is to restore and maintain the chemical, physical, and biological integrity of the Nation's waters."  BRM is without information or belief as to the remaining allegations, if any, in Paragraph 14, and on that basis denies the allegations.

15.    Answering Paragraph 15, BRM admits that 33 U.S.C. § 1311(a) states:  "Except as in compliance with this section and sections 1312, 1316, 1317, 1328, 1342, and 1344 of this title, the discharge of any pollutant by any person

3

shall be unlawful."  BRM is without information or belief as to the remaining

allegations, if any, in Paragraph 15, and on that basis denies the allegations.

16.    Answering Paragraph 16, BRM admits that the first sentence of 33

U.S.C. § 1344(a) states:  "The Secretary may issue permits, after notice and

opportunity for public hearings for the discharge of dredged or fill material into the

navigable waters at specified disposal sites."  BRM is without information or belief

as to the remaining allegations, if any, in Paragraph 16, and on that basis denies the

allegations.

17.    Answering Paragraph 17, BRM admits that 33 U.S.C. § 1342

addresses a number of topics, including "Permits for discharge of pollutants" and

"State permit programs."  BRM is without information or belief as to the

remaining allegations, if any, in Paragraph 17, and on that basis denies the

allegations.

18.    Answering Paragraph 18, BRM admits that the quoted language

appears in 33 U.S.C. § 1362(12), but denies that the quoted language is complete.

BRM is without information or belief as to the remaining allegations, if any, in

Paragraph 18, and on that basis denies the allegations.

19.    Answering Paragraph 19, BRM admits that the terms "pollutant,"

"dredged spoil," "rock," and "sand" appear in 33 U.S.C. § 1362(6), but denies that

the quoted and paraphrased language is complete.  BRM is without information or

belief as to the remaining allegations, if any, in Paragraph 19, and on that basis denies the allegations.

20.     Answering Paragraph 20, BRM admits that the quoted language appears in 33 U.S.C. § 1362(7), but denies that the quoted language is complete. BRM is without information or belief as to the remaining allegations, if any, in Paragraph 20, and on that basis denies the allegations.

21.     Answering Paragraph 21, BRM admits that the quoted and unquoted language appears in 33 C.F.R. § 328.3(a) and 40 C.F.R. § 232.2, but denies that the quoted and paraphrased language is complete.  BRM is without information or belief as to the remaining allegations, if any, in Paragraph 21, and on that basis denies the allegations.

22.     Answering Paragraph 22, BRM admits that the quoted language appears in 33 C.F.R. § 328.3(b) and 40 C.F.R. §§ 122.2 and 232.2, but denies that the quoted language is complete.  BRM is without information or belief as to the remaining allegations, if any, in Paragraph 22, and on that basis denies the allegations.

23.     Answering Paragraph 23, BRM admits that the quoted language appears in 33 U.S.C. § 1362(14), but denies that the quoted language is complete. BRM is without information or belief as to the remaining allegations, if any, in Paragraph 23, and on that basis denies the allegations.

696198

24.     Answering Paragraph 24, BRM admits that the quoted language appears in 33 U.S.C. § 1362(5), but denies that the quoted language is complete. BRM is without information or belief as to the remaining allegations, if any, in Paragraph 24, and on that basis denies the allegations.

25.     BRM is without information or belief as to the allegations in Paragraph 25, and on that basis denies the allegations.

26.     Answering Paragraph 26, BRM admits that portions of the quoted language appear in the references statutes and administrative rules.  BRM denies that the quoted language is complete or accurate.  BRM is without information or belief as to the remaining allegations, if any, in Paragraph 26, and on that basis denies the allegations.

27.     Answering Paragraph 27, BRM admits that the quoted language appears in 40 C.F.R. § 122.26(b)(13), but denies that the quoted language is complete.  BRM is without information or belief as to the remaining allegations, if any, in Paragraph 27, and on that basis denies the allegations.

28.     BRM is without information or belief as to the allegations in Paragraph 28, and on that basis denies the allegations.

29.     Answering Paragraph 29, BRM admits that on April 16, 2007, the Montana Department of Environmental Quality ("MDEQ")  issued Permit Number MTR 1000000, and that the referenced permit authorizes certain activities.  BRM

6

696198

is without information or belief as to the remaining allegations, if any, in Paragraph 29, and on that basis denies the allegations.

30.     Answering Paragraph 30, BRM admits that the so-called Montana General Permit in place as of the date of the Complaint requires certain provisions related to a stormwater pollution prevention plan ("SWPPP").  BRM is without information or belief as to the remaining allegations, if any, in Paragraph 30, and on that basis denies the allegations.

31.     Answering Paragraph 31, BRM admits that the so-called Montana General Permit in place as of the date of the Complaint requires certain provisions related to a SWPPP.  BRM is without information or belief as to the remaining allegations, if any, in Paragraph 31, and on that basis denies the allegations.

32.     BRM is without information or belief as to the allegations in Paragraph 32, and on that basis denies the allegations.

33.     Answering Paragraph 33, BRM admits that the so-called Montana General Permit in place as of the date of the Complaint requires certain provisions related to a notice of intent.  BRM is without information or belief as to the remaining allegations, if any, in Paragraph 33, and on that basis denies the allegations.

34.     BRM is without information or belief as to the allegations in Paragraph 34, and on that basis denies the allegations.

35.     BRM is without information or belief as to the allegations in

Paragraph 35, and on that basis denies the allegations.

36.     BRM denies Paragraph 36.

37.     BRM denies Paragraph 37.

38.     BRM is without information or belief as to the allegations in

Paragraph 38, and on that basis denies the allegations.

39.     Answering Paragraph 39, BRM admits Ninemile Creek flows into the

Clark Fork River.  BRM is without information or belief as to the remaining

allegations in Paragraph 39, and on that basis denies the allegations.

40.     BRM denies Paragraph 40.

41.     BRM denies Paragraph 41.

42.     BRM is without information or belief as to the allegations in

Paragraph 42, and on that basis denies the allegations.

43.     BRM is without information or belief as to the allegations in

Paragraph 43, and on that basis denies the allegations.

44.     BRM is without information or belief as to the allegations in

Paragraph 44, and on that basis denies the allegations.

45.     BRM admits that it is a limited liability company organized pursuant

to Montana law.  BRM is without information or belief as to the remaining

allegations in Paragraph 45, and on that basis denies the allegations.

696198

46.     BRM is without information or belief as to the allegations in Paragraph 46, and on that basis denies the allegations.

47.     BRM is without information or belief as to the allegations in Paragraph 47, and on that basis denies the allegations.

48.     BRM is without information or belief as to the allegations in Paragraph 48, and on that basis denies the allegations.

49.     BRM is without information or belief as to the allegations in Paragraph 49, and on that basis denies the allegations.

50.     BRM is without information or belief as to the allegations in Paragraph 50, and on that basis denies the allegations.

51.     Answering Paragraph 51, BRM admits that on or about November 9, 2005, individuals apparently affiliated with the United State Army Corps of Engineers visited the property that the Complaint appears to contend comprises the "Site."  BRM is without information or belief as to the remaining allegations in Paragraph 51, and on that basis denies the allegations.

52.     Answering Paragraph 52, BRM admits that at some point in time it became aware of the referenced "Cease and Desist Order."  BRM denies that it was the recipient of, or a named party in, the referenced Order.  BRM is without information or belief as to the remaining allegations in Paragraph 52, and on that basis denies the allegations.

696198

53.     BRM is without information or belief as to the allegations in Paragraph 53, and on that basis denies the allegations.

54.     Answering Paragraph 54, BRM admits that on or about November 21, 2005, one or more individuals who apparently were affiliated with the Missoula County Conservation District visited the property that the Complaint appears to contend comprises the "Site." BRM is without information or belief as to the remaining allegations in Paragraph 54, and on that basis denies the allegations.

55.     BRM is without information or belief as to the allegations in Paragraph 55, and on that basis denies the allegations.

56.     Answering Paragraph 56, BRM admits that at some point in time it became aware of the referenced letter authored by MDEQ. BRM denies that it was the recipient of, or a named party in, the referenced letter. BRM is without information or belief as to the remaining allegations in Paragraph 56, and on that basis denies the allegations.

57.     Answering Paragraph 57, BRM admits that at some point in time it became aware of the referenced "Compliance Order." BRM denies that it was the recipient of, or a named party in, the referenced Order. BRM is without information or belief as to the remaining allegations in Paragraph 57, and on that basis denies the allegations.

696198

58.     Answering Paragraph 58, BRM admits that at some point in time it became aware of the referenced Notice of Intent form and MDEQ confirming letter.  BRM is without information or belief as to the remaining allegations in Paragraph 58, and on that basis denies the allegations.

59.     BRM is without information or belief as to the allegations in Paragraph 59, and on that basis denies the allegations.

60.     Answering Paragraph 60, BRM admits that it is aware of the referenced interim corrective action activities.  BRM is without information or belief as to the allegations in Paragraph 60, and on that basis denies the allegations.

61.     Answering Paragraph 61, BRM admits that at some point in time it became aware of the referenced "Notice."  BRM denies that it was the recipient of, or a named party in, the referenced Notice.  BRM is without information or belief as to the remaining allegations in Paragraph 61, and on that basis denies the allegations.

62.     Answering Paragraph 62, BRM admits that it is aware of the referenced work.  BRM is without information or belief as to the allegations in Paragraph 62, and on that basis denies the allegations.

63.     BRM is without information or belief as to the allegations in Paragraph 63, and on that basis denies the allegations.

64.     Answering Paragraph 64, BRM restates its previous responses.

65.     BRM denies Paragraph 65.

66.     BRM denies Paragraph 66.

67.     BRM denies Paragraph 67.

68.     BRM denies Paragraph 68.

69.     Answering Paragraph 69, BRM restates its previous responses.

70.     BRM denies Paragraph 70.

71.     BRM denies Paragraph 71.

72.     Answering Paragraph 72, BRM restates its previous responses.  BRM further denies that Paragraphs 72 and 73 have been previously alleged, and therefore cannot be "realleged."

73.     BRM is without information or belief as to the allegations in Paragraph 73, and on that basis denies the allegations.

74.     BRM is without information or belief as to the allegations in Paragraph 74, and on that basis denies the allegations.

75.     Answering Paragraph 75, BRM restates its previous responses.

76.     BRM is without information or belief as to the allegations in Paragraph 76, and on that basis denies the allegations.

77.     BRM is without information or belief as to the allegations in Paragraph 77, and on that basis denies the allegations.

696198

78.     BRM is without information or belief as to the allegations in

Paragraph 78, and on that basis denies the allegations.

79.     BRM is without information or belief as to the allegations in

Paragraph 79, and on that basis denies the allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Lack of Subject Matter Jurisdiction)

The Court lacks subject matter jurisdiction over some or all of the claims

alleged against BRM.

### THIRD AFFIRMATIVE DEFENSE
(Alleged Activities Were Authorized and Lawful)

Many of the actions and activities alleged in the complaint were lawful

because they were authorized under the Clean Water Act either by permits or

permit authorizations issued by MDEQ or by virtue of statutory exemptions from

the permit requirement, including exemptions for historic and ongoing agricultural

operations.

### FOURTH AFFIRMATIVE DEFENSE
(The Alleged "Illegal" Activities Did Not Occur Within
The Physical Jurisdiction of the Clean Water Act)

Many of the actions and activities alleged in the Complaint occurred in

13

696198

uplands and other locations that were not "waters of the United States" within the

physical jurisdiction of the Clean Water Act.

## FIFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Many of the actions and activities alleged in the Complaint occurred more

than the length of time prior to the filing of the complaint to be within a period of

an applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE
### (The United States is Not Entitled to Relief Based
### on Considerations of Equity and Due Process)

As the United States failed to inform Defendant BRM that it was a potential

party in this lawsuit, or that the United States believed that BRM was a participant

in the acts or omissions complained of,  no relief should be awarded to the United

States based upon considerations of equity and due process.

## SEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

The United States waived its right to bring some or all of its claims against

BRM by failing to identify BRM as a named party in previous orders and demands.

## EIGHTH AFFIRMATIVE DEFENSE
### (Estoppel)

The United States is estopped from bringing some or all of its claims against

BRM by failing to identify BRM as a named party in previous orders and demands.

14

NINTH AFFIRMATIVE DEFENSE
(Excuse & Mitigation of Damages)

Some or all of the claims alleged against BRM are excused by the  failure of

MDEQ, as the state agency alleged to have authority to administer the federal

National Pollutant Discharge Permit program in Montana, to mitigate damages by

effectively administer the stormwater permit program, thereby causing unnecessary

escalation in any penalty due in this action.

NINTH AFFIRMATIVE DEFENSE
(Lack of Privity)

Some or all of the violations alleged in this lawsuit were caused by the acts

or omissions of third parties with whom BRM lacked privity of contract.

DATED this __21st__ day of October, 2009.


                        /s/   Stephen R. Brown
                        Stephen R. Brown
                        Attorneys for Bar-One Ranch Management, LLC

15

696198