Michael J. Sherwood
MICHAEL J. SHERWOOD, P.C.
401 North Washington Street
P. O. Box 8358
Missoula, Montana  59807-8358
Telephone: (406) 721-2729
FAX: (406) 728-8878
mike@mjsherwoodlaw.com

        Attorney for Defendants
                Bar-1 Ranch, LTD &
                Bar-1 Ranch2, LLC


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    vs.<br><br>BAR-1 RANCH, LTD;<br>BAR-1 RANCH, LLC;<br>BAR-1 RANCH2, LLC;<br>BAR-ONE RANCH MANAGEMENT,<br>LLC, and, ALFRED BARONE,<br><br>        Defendants. | CV 09-130-M-DWM-JCL<br><br><br><br><br>**ANSWER<br>OF BAR-1 RANCH, LTD AND<br>BAR-1 RANCH2, LLC** |

        Bar-1 Ranch, LTD and Bar-1 Ranch 2, LLC (herein "Defendants")

answer the complaint as follows:

## NATURE OF THE ACTION

1.     CIVIL ACTION ASKING FOR INJUNCTIVE RELIEF AND
       PENALTIES PURSUANT TO  33 U.S.C. 1311.

The Defendants admit the Plaintiff has filed a civil complaint asking

for injunctive relief and damages, but deny: (1) the Plaintiff has authority to

do so; (2)  the United States Attorney General has authority to bring this

action on behalf of the Plaintiff; (3) Defendants discharged or are liable for

the discharge of pollutants into the waters of the United States; and, (4) all

other allegations in paragraph 1 of the complaint.

2.     CIVIL ACTION ASKING FOR INJUNCTIVE RELIEF AND
       PENALTIES PURSUANT TO 33 U.S.C. 1342.

The Defendants admit the Plaintiff has brought this action, but deny

all other allegations in this paragraph including, without limitation, that:

      a.     they caused or are in any way liable for the discharge of
              any pollutant into waters of the United States;

      b.     violated the Montana General Permit for Storm Water
              Discharges associated with conduct associated with this
              cause of action; or,

      c.     violated an order issued by the United States
              Environmental Protection Agency (herein "EPA").

3.     PLAINTIFF SEEKS ENJOINDER AND PENALTIES.

The Defendants admit the Plaintiff has brought this action seeking

equitable remedies and a civil penalty.  The Defendants deny that Plaintiff

is entitled to the relief sought and all other allegations in paragraph 3 of the

complaint.

## JURISDICTION AND VENUE

4.     JURISDICTION.

The Defendants deny this Court has jurisdiction over this matter for

multiple reasons.  Those reasons include, without limitation:

a.     33 U.S.C. Section 1319(b) might authorize the

Environmental Protection Agency (herein "EPA") Administrator

(herein  "Administrator")  to bring a civil action, but does not authorize

the United States to do so; and,

b.     33 U.S.C. Section 1344 provides  that certain activities

are neither prohibited by or otherwise subject to regulation pursuant

to 33 U.S.C. Sections 1311(a) and 1342,  the statutes upon which

the Plaintiff relies as a basis for its complaint.   Those activities which

are not prohibited by or otherwise subject to regulation include the

discharge of dredged or fill material:

(1)     from normal farming and ranching activities; and,

(2)     for the purposes of construction or maintenance of farm or stock ponds or irrigation ditches, or the maintenance of drainage ditches.

Here, the alleged violations occurred during the course of normal farming and ranching activities and/or were for the purposes of construction or maintenance of farm or stock ponds or irrigation ditches, or the maintenance of drainage ditches.

5.     VENUE.

The Defendants admit both Defendants own agricultural property in the District of Montana and are both entities incorporated or formed in the State of Montana.  They deny they conduct any other business in the District of Montana and deny that  any cause of action arose in the District of Montana on property owned by them.  They deny all remaining allegations in paragraph 5 of the complaint because they lack sufficient knowledge to admit or deny them.

6.     NOTICE OF THIS ACTION TO THE STATE.

The Defendants deny all allegations contained in paragraph 6 of the complaint because they lack sufficient knowledge to admit or deny them.

- 4 -

**PARTIES**

7.     UNITED STATES AS PARTY AND AUTHORITY TO BRING THIS ACTION.

Defendants admit the Plaintiff in this action is the United States of America.  Defendants deny:

a.     the United States is the appropriate Plaintiff in this case; and,

b.     the Department of Justice (herein "DOJ") has authority to bring this action.

33 U.S.C. Section 1366 authorizes the United States Attorney General to appear and represent the Administrator only in a civil cause of action to which the Administrator is a party.  33 U.S.C. Section 1319 authorizes only the Administrator to bring a civil action.  Here, the Administrator is not a named party to this civil cause of action.    Accordingly, the Plaintiff in this cause of action is the wrong plaintiff and the DOJ  lacks authority to bring this civil claim.

8.     BAR-1 RANCH, LTD.

The Defendants admit Bar-1 Ranch, Ltd is a Montana Corporation. Allyson Scerri is the President.  The registered agent is Sharon Rhodes whose address is 2620 Connery Way, Missoula, Montana 59808.   Its prinicipal office is 34500 Cedar Creek Road, Huson, Montana 59846.  The

Defendants deny all other the allegations contained in Paragraph 8 of the complaint.

     9.     BAR-1 RANCH, LLC.

The Defendants deny the allegations contained in Paragraph 9 of the complaint because they lack sufficient knowledge to admit or deny them.

     10.    BAR-1 RANCH 2, LLC.

The Defendants admit Bar-1 Ranch2, LLC is a Montana Limited Liability Company.  The registered agent is Sharon Rhodes whose address is 2620 Connery Way, Missoula, Montana 59808.   Its prinicipal office is 34500 Cedar Creek Road, Huson, Montana 59846.  Defendants deny all remaining allegations contained in Paragraph 10 of the complaint.

     11.    BAR-1 RANCH MANAGEMENT, LLC.

The Defendants deny all allegations contained in Paragraph 11 of the complaint because they lack sufficient knowledge to admit or deny them.

     12.    ALFRED BARONE (herein "Barone").

The Defendants admit Barone is an individual.  The Defendants deny all remaining allegations contained in Paragraph 12 of the complaint because they lack sufficient knowledge to admit or deny them.

13.    ACTIONS OF DEFENDANTS.

Defendants admit  Defendant Bar-1Ranch, Ltd has owned in excess of 500 acres of agricultural property in Missoula County, Montana since March 12, 1990.  The property  has been used continuously for decades as a ranch operation which includes irrigated hay fields and pasture for livestock.   Defendant Bar-1 Ranch 2, LLC has owned approximately 15 acres of agricultural property in Missoula County, Montana since August 8, 2006.   The real estate owned by Bar-1 Ranch 2, LLC is a portion of the Bar-1 Ranch and was previously owned by Bar-1 Ranch, Ltd.   Defendants deny they (1) owned, leased or otherwise controlled real property upon which activities occurred which involved a violation of 33 U.S.C. 1311 or 1342, or any other provision of the Federal Clean Water Act (herein "CWA");   or (2) otherwise controlled or engaged in activities on their respective properties that might give rise to a complaint for a violation of the CWA.   The Defendants deny all other allegations contained in Paragraph 13 because they lack sufficient knowledge to admit or deny them.

## STATUTORY AND REGULATORY BACKGROUND

14.    OBJECT OF THE CLEAN WATER ACT.

The Defendants object to the propriety of including paragraph 14 in the complaint because:

      a.    It does not conform with the mandate of Rule 8 of the FEDERAL RULES OF CRIMINAL PROCEDURE which directs a party to set forth a "short, and plain statement of the claim showing that the pleader is entitled to relief."

      b.    Proof of the allegation does not serve to influence this Court's decision whether the Defendants violated 33 U.S.C. Sections 1311 or 1342.  Accordingly, the allegation is immaterial and should be stricken pursuant to rule 12(f) of the FEDERAL RULES OF CIVIL PROCEDURE (herein "F.R.Civ. Pro. _____").    Defendants deny all allegations contained in paragraph 14 of the complaint because they lack sufficient knowledge to admit or deny them.

15.    DISCHARGE OF A POLLUTANT IS ILLEGAL.

The Defendants deny all  assertions made in Paragraph 15 of the complaint because the allegations are an incomplete and misleading statement of the law.  33 U.S.C. 1344(f) includes a broad exemption for the discharge of a pollutant, providing such discharge is neither  illegal nor the proper subject of regulation pursuant to 33 U.S.C. 1311 or 1342 if it results

from normal farming or ranching activities or for the purpose of constructing or maintaining farm or stock ponds or irrigation ditches, or the maintenance of drainage ditches.

16.   SECRETARY OF THE ARMY HAS AUTHORITY TO ISSUE PERMITS.

The Defendants object to the allegations contained in Paragraph 16 of the complaint for the same reason they object to paragraph 14 of the complaint.   The Defendants deny the allegations contained in Paragraph 16 of the complaint because they are an incomplete and misleading statement of the law.   The Defendants deny the  Secretary of the Army has regulatory authority over normal farm or ranch activities, or over the construction of stock ponds and irrigation ditches, or the maintenance of drainage ditches.

17.   REQUIREMENT OF NPDES PERMIT.

The Defendants object to the inclusion of Paragraph 17 in the complaint for the same reason they object to paragraphs 14, 15 and 16  of the complaint.  Defendants deny all allegations contained in paragraph 17 of the complaint because they are an incomplete and misleading statement of the law.   Defendants deny NPDES permits are required for anything but

industrial construction projects which do not include normal farming operations or stock pond construction.

18.   DEFINITION OF DISCHARGE OF A POLLUTANT.

The Defendants object to the inclusion of paragraph 18 in the complaint for the same reasons they object to the inclusion of paragraph 14, 15 and 16.  The Defendants deny the allegations contained in Paragraph 18 of the complaint because the allegations are an incomplete and misleading statement of the law and Defendants lack sufficient information at this time to explain the extent of the error of this legal assertion.

19.   DEFINITION OF POLLUTANT.

The Defendants object to the inclusion of paragraph 19 in the complaint for the same reasons set  forth in the Defendants' answer to paragraphs 14, 15 and 16.  The Defendants deny all allegations contained in paragraph 19 of the complaint because they are an incomplete and misleading statement of the law and Defendants lack sufficient information at this time to explain the extent of the error of this legal assertion.

20.    DEFINITION OF NAVIGABLE WATERS.

Defendants object to the insertion of paragraph 20 into the complaint

for the same reason they objected to paragraphs 14, 15 and 16.   They

deny all allegations contained in paragraph 20 because the allegations are

an incomplete and misleading statement of the law  and Defendants lack

sufficient information at this time to explain the extent of the error of this

legal assertion.

21.    DEFINITION OF WATERS OF THE UNITED STATES.

Defendants object to the insertion of paragraph 21 into the complaint

for the same reason they objected to paragraph 14.  They deny all

allegations contained in paragraph 21 because the allegations are an

incomplete and misleading statement of the law and Defendants lack

sufficient information at this time to explain the extent of the error of this

legal assertion.

22.    DEFINITION OF WETLANDS.

Defendants object to the insertion of paragraph 22 into the complaint

for the same reason they objected to paragraph 14.  They deny all

allegations in paragraph 22 because the allegations are an incomplete and

misleading statement of the law.   In *Rapanos v. U.S.*,  547 U.S. 715

(2006), the United States Supreme Court clarified that not all wetlands are "wetlands" for purposes of the Clean Water Act.  The Army Corps of Engineers has jurisdiction over wetlands only when wetlands satisfy either the plurality or Justice Kennedy's test in *Rapanos*.  In order for wetlands to be considered jurisdictional, they must have a continuous surface connection to navigable waters, or significantly affect the chemical, physical, and biological integrity of navigable-in-fact waters

23.    DEFINITION OF POINT SOURCE.

The Defendants object to the inclusion of paragraph 23 for the same reasons they object to paragraphs 14, 15 and 16.   They deny all allegations contained in paragraph 23 of the complaint because they are an incomplete and misleading statement of the law and Defendants lack sufficient information at this time to explain the extent of the error of this legal assertion.

24.    DEFINITION OF PERSON.

Defendants admit the allegation contained in paragraph 24 of the complaint.

25.    FEDERAL ADOPTION OF REGULATIONS REGARDING
       REQUIREMENTS FOR STORM WATER DISCHARGE
       PERMITS.

Defendants object to the inclusion of this paragraph in the complaint

for the same reasons Defendants object to the inclusion of paragraph 14.

In this instance, the allegation is immaterial to the Plaintiff's claim because,

as admitted by the Plaintiff in paragraph 28 of the complaint, the

Administrator has delegated supervision and enforcement of industrial

pollution requiring storm water discharge permits to the State of Montana.

The State of Montana has enacted its own application requirements for

storm water discharge permits.  The Defendants deny all allegations

contained in paragraph 25 of the complaint because they lack sufficient

knowledge to admit or deny the allegations.

26.    DISCHARGE OF POLLUTANTS ASSOCIATED WITH
       INDUSTRIAL ACTIVITY.

Defendants admit that 33 U.S.C. 1342 requires a permit, but only in

instances associated with "industrial activity."   Defendants object to the

inclusion of the remaining language in paragraph 26 for the same reasons

Defendants object to the inclusion of paragraphs 14, 15 and 16.   Again, in

this instance, the allegation is immaterial to the Plaintiff's claim because, as

admitted by the Plaintiff in its complaint at paragraph 28, the Administrator has delegated supervision and enforcement of industrial pollution requiring storm water discharge permits to the State of Montana.   The State of Montana has enacted its own application requirements for storm water discharge permits.   The Defendants deny all remaining allegations contained in paragraph 26 of the complaint because they lack sufficient knowledge to admit or deny them.

    27.   DEFINITION OF STORM WATER.

Defendants object to the inclusion of the language in paragraph 27 for the same reasons Defendants object to the inclusion of paragraphs 14, 15 and 16.   Again, in this instance, the allegation is immaterial to the Plaintiff's claim because, as admitted by the Plaintiff in its complaint at paragraph 28, the Administrator has delegated supervision and enforcement of industrial pollution requiring storm water discharge permits to the State of Montana. The State of Montana has enacted its own application requirements for storm water discharge permits, including the definition of critical terms. The Defendants deny all allegations contained in paragraph 27 of the complaint because they lack sufficient knowledge to admit or deny them.

28.   DELEGATION OF ADMINISTRATION AND ENFORCEMENT
      OF STORM WATER PERMITS TO THE STATE OF
      MONTANA.

      The Defendants admit the allegations contained in paragraph 28 of

the complaint.

29.   MONTANA STORM WATER DISCHARGE PERMIT.

      Without admitting the validity of the Montana General Storm Water

Discharge Permit  requirements or the scope, of those requirements,  the

Defendants admit the State of Montana has adopted the use of a Storm

Water Discharge Permit  which authorizes the discharge of storm water

when one or more acres of land will be disturbed.  The State's authority to

do so is found in the CWA which, as mentioned above, exempts normal

agricultural activities and stock pond construction from CWA regulation.

The Defendants deny all other allegations contained in paragraph 29 of the

complaint.

30.   MONTANA REQUIRES SOME PERSONS TO OBTAIN A
      STORM WATER DISCHARGE PERMIT.

      Without admitting that Defendants, or any person or entity, was

required to obtain a permit for a Storm Water Discharge Permit associated

with any activity that was conducted on the ranch owned by the Defendants,

the Defendants admit the allegations contained in Paragraph 30 of the

complaint.

      31.    SPECIFIC PROVISIONS OF THE MONTANA GENERAL
             STORM WATER DISCHARGE PERMIT.

      Without admitting  Defendants, or any person or entity, was required

to obtain a permit for a Storm Water Discharge Permit associated with any

activity conducted on the ranch owned by the Defendants, the Defendants

admit the allegations contained in Paragraph 31 of the complaint.

      32.    EXISTENCE AND APPLICATION OF 33 U.S.C. 1318(a) AND
             FEDERAL REGULATIONS.

      Defendants object to the inclusion of the language in paragraph 32 for

the same reasons Defendants object to the inclusion of paragraphs 14, 15

and 16.   Again, in this instance, the allegation is immaterial to the Plaintiff's

claim because, as admitted by the Plaintiff in paragraph 28 of the complaint,

the Administrator has delegated supervision and enforcement of industrial

pollution requiring storm water discharge permits to the State of Montana.

The State of Montana has enacted its own permitting requirements for

storm water discharge permits, including the definitions of critical terms.

The Defendants deny all allegations contained in paragraph 32 of the complaint because they lack sufficient knowledge to admit or deny them.

33.   NOTICE OF INTENT REQUIREMENT UNDER MONTANA STORM WATER DISCHARGE PERMIT.

Without admitting that Defendants, or any person or entity, were required to obtain a permit for a Storm Water Discharge Permit associated with any activity conducted on the ranch owned by the Defendants, the Defendants admit all  "operators" (rather than a "discharger" as alleged in paragraph 33)  as defined by Montana's General Storm Water Discharge Permit are required to submit a Notice of Intent before coverage under the General Permit is effective.  The Montana General permit defines an operators as:

1.   Parties who have operational control over the construction plans or specifications, including the ability to make modifications of those plans or specifications; or

2.   Parties who have day-to-day operational control of those activities at a project which are necessary to ensure compliance with a Storm Water Pollution Prevention Plan (SWPPP) for the site or other General Permit conditions (e.g. are authorized to

direct workers at a site to carry out activities required by the

SWPPP or comply with other permit conditions).

The Defendants deny all other allegations contained in paragraph 33 of the

complaint.

34.   AUTHORIZATION PURSUANT TO 33 U.S.C. 1319(b) TO
BRING A CIVIL COMPLAINT PURSUANT TO 33 U.S.C. 1311
AND/OR 1342.

The Defendants admit the language of 33 U.S.C. 1319 (b) authorizes

the Administrator (rather than the Plaintiff in this action) to commence a civil

action for appropriate relief, including a permanent or temporary injunction,

in the narrow instance in which the Administrator is authorized to issue a

compliance order pursuant to 33 U.S.C. 1319(a).   The Defendants deny

the Plaintiff or the Administrator  is authorized by 33 U.S.C. 1319(b) to bring

this cause of action against the Defendants.

35.   AUTHORIZATION PURSUANT TO 33 U.S.C. 1319(d) TO
BRING A CIVIL COMPLAINT PURSUANT TO 33 U.S.C. 1311
AND/OR 1342.

The Defendants admit 33 U.S.C. 1319(d) imposes civil penalties on a

person who violates the Clean Water Act or any permit condition or

limitation implementing the Clean Water Act, but deny that  33 U.S.C.

1319(d) authorizes the Plaintiff or any party to commence an action for civil

penalties and deny all other allegations contained in paragraph 35 of the complaint.

## GENERAL ALLEGATIONS

36.    DISCHARGE OF MATERIALS  BY DEFENDANTS.

The Defendants deny all allegations contained in paragraph 36 of the complaint.

37.    SUBSTANCES WERE POLLUTANTS.

The Defendants deny all allegations contained in paragraph 37 of the complaint.

38.    WATERS OF THE UNITED STATES ON SITE.

The Defendants deny all allegations contained in paragraph 38 of the complaint, including, without limitation, that:

> 1.    Any wetland adjacent to or having a surface connection to Ninemile Creek is a "water of the United States"; and,
>
> 2.    That Ninemile Creek is a navigable water of the United States.

39.    NINEMILE CREEK AS A NAVIGABLE STREAM.

Defendants deny all allegations contained in paragraph 39 of the complaint, including, without limitation, that:

1.    Ninemile Creek, a small tributary to the Clark Fork River, is a navigable stream; or

2.    Ninemile Creek is either traditionally navigable or navigable in fact.

Defendants object to the Plaintiffs allegation that Ninemile Creek is traditionally navigable on the same grounds the Defendants object to paragraphs 14, 15 and 16.  The allegation is immaterial.

40.    THE WETLANDS ADJACENT TO NINEMILE CREEK HAVE A SIGNIFICANT NEXUS TO A NAVIGABLE STREAM.

The Defendants deny all allegations contained in paragraph 40 of the complaint.

41.    WATERS, PONDS, DRAINAGES AND WETLANDS ARE NAVIGABLE WATERS AND WATERS OF THE UNITED STATES.

The Defendants deny all allegations contained in paragraph 41 of the complaint.

42.   DEFENDANTS OR PERSON ACTING ON THEIR BEHALF USED MECHANIZED EQUIPMENT WHICH IS A POINT SOURCE TO DISCHARGE POLLUTANTS.

The Defendants deny all allegations contained in paragraph 42 of the complaint.

43.   DEFENDANTS OWNED, LEASED OR OTHERWISE CONTROLLED THE LAND ON WHICH THE DISCHARGE OCCURRED.

Defendants object to the inclusion of the language in paragraph 43  of the complaint for the same reasons Defendants object to the inclusion of paragraphs 14, 15 and 16.  The allegation is immaterial to the Plaintiff's claim.  Whether a party owned or leased land is not material to whether the party discharged or caused a discharge of a pollutant.

44.   DEFENDANTS CONDUCTED, CONTRACTED FOR, SUPERVISED OR OTHERWISE CONTROLLED THE DISCHARGE.

Defendants deny all the allegations contained in paragraph 44 of the complaint.

45.   DEFENDANTS ARE PERSONS AS DEFINED BY CWA.

Defendants admit Defendant Bar-1 Ranch, Ltd is a corporation organized under the laws of the State of Montana.  Defendants deny

Defendant Bar-1 Ranch2, LLC is a person as defined by 33 U.S.C. 1362(5)

and all other allegations contained in paragraph 45 of the complaint

because they lack sufficient knowledge to admit or deny the allegation.

46.    DEFENDANTS DID NOT OBTAIN A PERMIT FOR
       DISCHARGES ALLEGED.

Defendants deny all allegations contained in paragraph 46 of the

complaint.

47.    VISIT BY EPA AND OBSERVATIONS MADE.

The Defendants deny the  allegations in paragraph 47 of the

complaint because they lack sufficient knowledge to admit or deny them.

48.    ARMY CORPS OF ENGINEERS (herein "ACOE")  WROTE
       DEFENDANT BAR-1 RANCH, LTD ON 01/19/05.

The Defendants deny all allegations contained in paragraph 48 of the

complaint because they lack sufficient knowledge to admit or deny the

allegations.

49.    DNRC INSPECTION AND NOTICE OF VIOLATION OF THE
       WATER USE ACT.

Defendants object to the inclusion of the language in paragraph 49 for

the same reasons Defendants object to the inclusion of paragraphs 14, 15

and 16.   The allegations are immaterial.  The Defendants deny all allegations in paragraph 49 because they lack sufficient information to admit or deny them.

50.   MCD VISIT TO THE SITE AND OBSERVATIONS OF BARONE.

Defendants deny all allegations contained in paragraph 50 of the complaint because they lack sufficient knowledge to admit or deny them.

51.   ACOE AND OBSERVATIONS.

Defendants deny all allegations contained in paragraph 50 of the complaint because they lack sufficient knowledge to admit or deny them.

52.   ACOE'S ISSUANCE OF CEASE AND DESIST ORDER TO BARONE AND BAR-1 RANCH, LTD.

Defendant, Bar-1 Ranch, Ltd denies that a Cease and Desist Order was every properly served on Bar-1 Ranch, Ltd.   It denies all remaining allegations in paragraph 52 of the complaint because it lacks sufficient information to admit or deny them.

Defendant, Bar-1 Ranch, 2 LLC denies all allegations in paragraph 52 of the complaint because it lacks sufficient information to admit or deny them.

53.   DNRC ADVISED BARONE HE WAS IN VIOLATION OF THE
MONTANA WATER USE ACT.

Defendants object to the inclusion of the language in paragraph 53 of

the complaint for the same reasons Defendants object to the inclusion of

paragraphs 14, 15 and 16.   The allegation is immaterial to the Plaintiff's

claim.  Defendants deny the allegations contained in paragraph 53 of the

complaint because they lack sufficient knowledge to admit or deny them.

54.   MCD INSPECTION AND ADVICE TO BARONE.

Defendants object to the inclusion of the language in paragraph 54 of

the complaint for the same reasons Defendants object to the inclusion of

paragraphs 14, 15 and 16.  The allegation is immaterial to the Plaintiff's

claim.    Defendants deny the allegations contained in paragraph 54 of the

complaint because they lack sufficient knowledge to admit or deny them.

55.   CONTINUED WORK BY BARONE.

Defendants object to the inclusion of the language in paragraph 55 of

the complaint for the same reasons Defendants object to the inclusion of

paragraphs 14,15 and 16.  The  allegation is immaterial to the Plaintiff's

claim.  Defendants deny the allegations contained in paragraph 55 of the

complaint because they lack sufficient knowledge to admit or deny them.

56.   MONTANA DEPARTMENT OF ENVIRONMENTAL QUALITY
(HEREIN "DEQ") CONTACTING BARONE.

Defendants object to the inclusion of the language in paragraph 56 of

the complaint for the same reasons Defendants object to the inclusion of

paragraph 14, 15 and 16.  The allegation is immaterial to the Plaintiff's

claim.   Defendants deny the allegations contained in paragraph 56 of the

complaint because they lack sufficient knowledge to admit or deny them.

57.   EPA'S COMPLIANCE ORDER.

Without admitting the EPA had authority to issue a compliance order

or that it issued one, the Defendants admit they have now been provided  a

copy of a document entitled FINDINGS OF VIOLATION AND

ADMINISTRATIVE ORDER FOR COMPLIANCE.   On Defendants' best

information and belief they were neither named as respondents in that order

nor served with a copy of that order.  They deny all other allegations

contained in paragraph 57 of the complaint because they lack sufficient

knowledge to admit or deny them.

58.    BARONE'S NOTICE OF INTENT TO DISCHARGE AND
       RESULTING STORM WATER DISCHARGE PERMIT.

Having reviewed a copy of a document purported to be Barone's

application for a storm water discharge permit in the spring of 2006 and a

copy a document purported to be the permit issued by DEQ, on their best

information and belief the Defendants deny that they: (1)  were  identified as

operators in those documents or that any representative of the Defendants

executed the documents on the behalf of Defendants; and (2) that they

were identified as owners of the real property for which the application was

made and the permit was issued.   The Defendants deny all other

allegations in paragraph 58 of the complaint because they lack sufficient

knowledge to admit or deny them.

59.    BARONE'S ALLEGED VIOLATION OF THE STORM WATER
       DISCHARGE PERMIT.

Having reviewed copies of  documents purporting to be those Barone

submitted to DEQ and and those DEQ sent to Barone, on their best

information and belief, the Defendants deny all allegations contained in

paragraph 59 of the complaint.

60.   BARONE AND CONTRACTORS PERFORMED INTERIM
      CORRECTIVE MEASURES.

The Defendants deny all allegations contained in paragraph 60 of the

complaint because they lack sufficient information to admit or deny them.

61.   EPA ISSUED COMPLIANCE ORDER AND BARONE FAILED
      TO COMPLY.

Having reviewed a copy of what purports to be a copy of the

compliance order in question, the Defendants, noting that no order was

issued to or served upon them, admit that the EPA did issue a compliance

order identifying Barone as the respondent.   The Defendants deny all other

allegations contained in paragraph 61 of the complaint because they lack

sufficient information to admit or deny them.

62.   BARONE'S CONTRACTORS CONDUCTED RESTORATION
      WORK.

The Defendants deny that contractors paid by Barone conducted

restoration work on the property.   The Defendants admit and allege that the

property has now been almost completely reclaimed and the restoration

project is being monitored in order to avoid a claim for violation of

Montana's Water Quality Act.  They deny the remaining allegations

contained in paragraph 62 of the complaint because they lack sufficient

knowledge to admit or deny them.

63.    NOTICE TO STATE.

The Defendants deny all allegations contained in paragraph 63 of the

complaint because they lack sufficient knowledge to admit or deny them.

## FIRST CLAIM FOR RELIEF
## DISCHARGE WITHOUT A 404 PERMIT INTO  WATERS
## OF THE UNITED STATES

64.    PARAGRAPHS 1 TO 63 REALLEGED

Defendants answer this paragraph in the same fashion as Defendants

have answered paragraphs 1 through 63 individually.

65.    DEFENDANTS HAVE VIOLATED 33 U.S.C. 1311 BY
       DISCHARGING POLLUTANTS INTO WATERS OF THE
       UNITED STATES.
The Defendants deny all allegations contained in paragraph 65 of the

complaint.

66.    DEFENDANT'S DISCHARGES RESULTED IN ADVERSE
       IMPACTS TO WATERS OF THE UNITED STATES.

The Defendants deny all allegations contained in paragraph 66 of the

complaint.

67.    EACH DAY MATERIAL REMAINED WAS A SEPARATE
       VIOLATION.

The Defendants deny all allegations contained in paragraph 67 of the

complaint.

68.    DEFENDANTS LIABLE FOR INJUNCTIVE RELIEF AND CIVIL
       PENALTIES.

The Defendants deny all allegations contained in paragraph 68 of the

complaint.

**SECOND CLAIM FOR RELIEF**
**DISCHARGE WITHOUT STORM PERMIT**

69.    REALLEGE PARAGRAPH 61 THROUGH 68.

The Defendants answer  this paragraph in the same fashion

Defendants have responded to paragraphs 61 through 68 of the complaint

individually.

70.    DISCHARGE IN VIOLATION OF 33 U.S.C. 1311.

The Defendants deny all allegations contained in paragraph 70 of the

complaint.

71.   DEFENDANTS LIABLE FOR INJUNCTIVE RELIEF AND
      PENALTIES

The Defendants deny all allegations contained in paragraph 71 of the

complaint.

## THIRD CLAIM FOR RELIEF
## BARONE'S FAILURE TO COMPLY WITH STORM WATER PERMIT

72.   PARAGRAPHS 1 THROUGH 73 [sic] REALLEGED.

The Defendants answer this paragraph by reference to Defendants'

answers to paragraph 1 through 71, above, and to Defendants' answer to

paragraph 73, below.

73.   BARONE VIOLATED TERMS OF STORM WATER PERMIT.

Having reviewed pertinent documentation, based upon Defendants'

best information and belief, they deny Barone violated the terms of the

Storm Water Permit in question and all other allegations of paragraph 73 of

the complaint.

74.   BARONE IS LIABLE FOR INJUNCTIVE RELIEF AND CIVIL
      PENALTIES

Defendants deny all allegations of paragraph 74 of the complaint.

## FOURTH CLAIM FOR RELIEF
## BARONE'S VIOLATION OF ADMINISTRATIVE ORDER

75.    REALLEGE PARAGRAPH 71 THROUGH 74.

Defendants answer  the allegations contained in paragraphs 71

through 74 as set forth in the Defendants' responses to those individual

paragraphs.

76.    EPA ISSUED COMPLIANCE ORDER TO BARONE.

Noting that the EPA issued no compliance order to either of the

responding Defendants, Defendants admit, on their best information and

belief, that the EPA issued a compliance order to Barone.

77.    COMPLIANCE ORDER SPECIFIED ACTION TO BE TAKEN

Without admitting the EPA had authority to issue the compliance

order in question or correctly served it on Barone, the Defendants admit

that the text of the order identified tasks Barone was to complete.   The

Defendants deny these tasks were necessary to bring Barone's actions in

compliance with the CWA and all other allegations of paragraph 72 or the

complaint.

78.     BARONE DID NOT COMPLY.

The Defendants deny all allegations in paragraph 78 of the complaint because they lack sufficient knowledge to admit or deny them.

79.     BARONE IS LIABLE FOR CIVIL PENALTIES

The Defendants deny all allegation in paragraph 79 of the complaint.

**FIRST AFFIRMATIVE DEFENSE**
(Failure to State a Claim)

1.      The Complaint fails to state a claim upon which relief can be granted, including, without limitation,  a failure to allege the conduct of Barone did not fit within the broad exceptions contained in the CWA for normal farming activities and stock pond construction.

2.      Records of the Montana Department of Natural Resources (herein "DNRC")  reflect that Barone filed notification of all 16 ponds associated with this cause of action.

3.      All documents associated with applications and requests for approval of the ponds in question reflect that these ponds were created for purposes of stock ponds.

4.      The foregoing documents are public record.

5.      Prior to the Plaintiff filing its complaint, Counsel for the Defendants wrote to Daniel Pinkston, counsel for the EPA, alerting him to the fact that the property in question was a ranch and stating . . . "the more compelling issue here is whether the alleged activities are exempt from the provisions of the Clean Water Act altogether.  Specifically, 33 U.S.C. 1340(f)(1)(A) & (C) exempt farming and the construction of farm ponds from the application of the Clean Water Act.   C.F.R. 323.4(a)(1) echoes the concept that farming activity is exempted from Federal jurisdiction so long as the agricultural use of the property has been on-going.  Subsection (a)(3), in particular, confirms a regulatory recognition of the farm pond exemption."

6.      In spite of the fact that: (1)  documents found in the public record disclose the ponds were stock ponds; and (2) the Defendants raised this exemption prior to the filing of the complaint, the Plaintiff has failed to allege that the conduct of Barone was outside the broad statutory exception exempting all normal farming activities and all stock pond construction exempt from regulation.

## SECOND AFFIRMATIVE DEFENSE
( Normal Agricultural Activities and Stock Pond Exemption)

7.     If this Court finds that, even though the Defendants raised the exemptions issue prior to the complaint being filed and the stock pond nature of the ponds in question is a matter of public record, the agricultural use and stock pond exemptions are affirmative defenses,  Defendants affirmatively assert the Plaintiff's claim for relief fails because the activities alleged were exempt from regulation under the CWA.

### THIRD AFFIRMATIVE DEFENSE
(Lack of Subject Matter Jurisdiction)

8.     The Court lacks subject matter jurisdiction over some or all of the claims  alleged against the Defendants.

### FOURTH AFFIRMATIVE DEFENSE
(Alleged Activities Were Authorized and Lawful)

9.     Many, if not all,  of the actions and activities alleged in the complaint were lawful because they were authorized under the CWA  either by permits or permit authorizations issued by the DEQ or by virtue of statutory exemptions from the permit requirement, including  exemptions for historic and ongoing agricultural operations.

### FIFTH AFFIRMATIVE DEFENSE
(The Alleged "Illegal" Activities Did Not Occur Within
The Physical Jurisdiction of the Clean Water Act)

10.    Many, if not all,  of the actions and activities alleged in the Complaint occurred in uplands and other locations that were not "waters of the United States" within the physical jurisdiction of the CWA.

## SIXTH AFFIRMATIVE DEFENSE
(The United States Lacks Authority to Judicially Enforce
the Administrative Order)

11.    As the United States does not allow a direct challenge to an Administrative Order issued under authority of the Clean Water Act, it cannot bring a judicial  action for penalties for alleged failure to comply with such an Order.

## SEVENTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

12.    Many of the actions and activities alleged in the Complaint occurred more  than the length of time prior to the filing of the complaint to be within a period of  an applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE
(The United States is Not Entitled to Relief Based on
Considerations of Equity and Due Process)

13.    As the United States failed to inform Defendant the Defendants that they were a potential  party in this lawsuit, or that the United States

believed that the Defendants were a participant in the acts or omissions complained of, no relief should be awarded to the United States based upon considerations of equity and due process.

14.    The Plaintiff is estopped from seeking equity because the Plaintiff and its agents are frustrating or making impossible attempts to perform the activities necessary to comply with the equitable relief sought by the Plaintiff.

15.    While the Defendants deny federal jurisdiction under the CWA, there was a possibility that activities conducted on property along Ninemile Creek were violations of the State of Montana Water Quality Act (herein "WQA").

16.    In order to avoid a dispute and/or a request for penalties under the WQA, certain real property was reclaimed pursuant to a reclamation plan established by the EPA.

17.    As Plaintiff has alleged, that plan is now completed, but is subject to monitoring.

18.    The monitoring is required in order to assure newly planted grasses and woody vegetation along in the riparian border of Ninemile Creek take root and thrive.

19.    In an effort to guarantee the grasses and vegetation would thrive, a water right allowing the use of water diverted from Ninemile Creek for purposes of irrigating a hay field of approximately 20 acres was changed to allow that water to be used to for irrigation of the reclamation project.

20.    The water right that was changed to do so and the point of diversion associated with that water right had been in effect and approved by the State of Montana for decades.

21.    Recently, the State of Montana (the agent of the Administrator who oversees and enforces the Storm Water Discharge Permit plan pursuant to a state regulatory scheme adopted in accordance with 33 U.S.C. 1342) has sent notice it intends to revoke that water right.

22.    Because all stock and irrigation ponds have been filled in pursuant to the terms of the reclamation plan, if the State of Montana is successful in revoking the water right in question, efforts to finalize the reclamation of some of the property will be severely jeopardized and may be impossible.

## NINTH AFFIRMATIVE DEFENSE
(Excuse)

23.    Some or all of the claims alleged against the Defendants  are excused by the failure by the DEQ, as the state agency alleged to have authority to administer the federal National Pollutant Discharge Permit program in Montana, to mitigate damages by effectively administering the storm water permit program, thereby causing unnecessary escalation in any penalty due in this action.

## TENTH AFFIRMATIVE DEFENSE
(Illegality)

24.    The Administrator lacked legal authority to require the acts it now alleges have not been taken.

25.  The Plaintiff's claims against Defendants have no reasonable basis in both law and fact.

## ELEVENTH AFFIRMATIVE DEFENSE
(Accord and compromise)

26.    Although the State of Montana, the agent of the EPA who administers Storm Water Discharge Permits, had no jurisdictional basis to require a permit in this case, a Storm Water Discharge Permit application was filed and approved in this case.  The State of Montana, through DEQ, recognized the adequacy of the application and sent no notice to any party

that the operators identified under the terms of that permit failed to perform

pursuant to the terms of that compromise by failing to comply with the terms

of the permit.

## PRAYER FOR RELIEF

The Defendants respectfully ask this Court to:

1.      Dismiss the Plaintiff's complaint against Defendants; and,

2.      Grant the Defendants such further legal and equitable relief that

this Court deems appropriate.

RESPECTFULLY SUBMITTED this 21st day of October, 2009.


                          /s/ Michael J. Sherwood
                          Michael J. Sherwood
                          Attorney for Defendants
                                BAR-1 RANCH, LTD and
                                BAR-1 RANCH2, LLC

- 39 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of October, 2009, a copy of the foregoing document was served on the following persons by the following means:

    1- 4    CM/ECF
          Hand Delivery
          U.S. Mail
          Overnight Service
          Fax
          E-mail

1.    Clerk, U.S. District Court

2.    Leif M. Johnson
    Asst. U.S. Attorney
    U.S. Attorney's Office
    2929 Third Ave. N., Ste. 400
    P.O. Box 1478
    Billings, MT 59103
    FAX: (406) 657-6989
    Ljohnson4@usdoj.gov

3.    John C. Cruden
    Acting Asst. Attorney General
    Daniel Pinkston
    Environmental Defense Section
    Environmental & Natural
        Resources Division
    U.S. Department of Justice
    1961 Stout Street, 8th Floor
    Denver, CO 80294
    FAX: (303) 844-1350
    daniel.pinkston@usdoj.gov

4.    John E. Smith
    SMITH & STEPHENS, P.C.
    315 W. Pine
    P.O. Box 7337
    Missoula, MT  59807
    FAX: (406) 721-5370
    john@smithstephens.com

 /s/ Michael J. Sherwood
Michael J. Sherwood
Attorney for Defendants
    BAR-1 RANCH, LTD and
    BAR-1 RANCH2, LLC