IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division
DANIEL PINKSTON
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
999 18th Street
South Terrace, Suite 370
Denver, CO 80294
Phone: (303) 844-1804
Fax: (303) 844-1350
Email: daniel.pinkston@usdoj.gov

MICHAEL COTTER
United States Attorney
Assistant United States Attorney
District of Montana
P.O. Box 1478
Billings, MT 59103
Phone: (406) 657-6101
leif.johnson@usdoj.gov
LEIF M. JOHNSON

ATTORNEYS FOR PLAINTIFF

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| BAR-1 RANCH, LTD; ) | CONSENT DECREE |
| BAR-1 RANCH, LLC; BAR-1 RANCH 2, LLC; ) | |
| BAR-ONE RANCH MANAGEMENT, LLC; ) | 9:09-cv-00130-DWM-JCL |
| and ALFRED BARONE; ) | |
| ) | |
| Defendants. ) | |
| ) | |

This Consent Decree is entered into by Plaintiff United States of America and

Defendants Bar-1 Ranch, LTD, Bar-1 Ranch 2, LLC, Bar-One Ranch Management, LLC,

and Alfred Barone, in order to settle the United States' claims against Defendants

asserted in the Complaint in the above-captioned action.

## I. RECITALS

A.  On August 31, 2009, Plaintiff United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), filed the Complaint herein against Defendants Bar-1 Ranch, LTD ("LTD"), Bar-1 Ranch 2, LLC ("LLC"), Bar-One Ranch Management, LLC ("BRM"), and Alfred Barone ("Barone").

B.  The action arises from alleged unpermitted discharges of dredged or fill materials into waters of the United States located adjacent to Ninemile Creek, at the Bar One Ranch ("Ranch") located in Section 34, T16N, R23W, Missoula County (the "Site"), from 2003 through 2005; alleged discharges of stormwater into waters of the United States without a permit; alleged violations of the Montana General Stormwater Permit; and an alleged failure to comply with an administrative order issued by EPA.

C.  The Complaint asserts the following claims for relief:

(I) First Claim for Relief: The first claim for relief is brought against all Defendants, alleging that they discharged dredged or fill material, and/or controlled or caused the discharge of dredged or fill material, into waters of the United States at the Site without a permit issued by the United States Army Corps of Engineers, in violation of Sections 301(a) and 404 of the Clean Water Act ("CWA"), 33 U.S.C. §§ 1311(a), 1344.

(ii) Second Claim for Relief: The second claim for relief is brought against all Defendants, alleging that they discharged and/or caused the discharge of pollutants into waters of the United States without a permit issued under Section 402 of the CWA,

in this case, coverage under the general stormwater permit issued by the State of

Montana, all in violation of Sections 301(a) and 402 of the CWA, 33 U.S.C. §§ 1311(a),

1342.

        (iii)  Third Claim for Relief: The third claim for relief is brought against

Defendant Barone only.  The United States alleges that Mr. Barone and his contractors

undertook a restoration project at the Site pursuant to EPA order, and that Mr. Barone

violated the terms of the Montana General Storm Water Permit by failing to develop an

adequate storm water pollution prevention plan, failing to properly install and/or

maintain best management practices, submitting inadequate inspection reports, and

failing to perform and document required inspections.

        (iv)  Fourth Claim for Relief: The fourth claim for relief is brought against

Defendant Barone only.  The United States alleges that on January 26, 2006, pursuant to

CWA Section 309(a), 33 U.S.C. § 1319(a), EPA Region 8 issued a "Findings of Violation

and Administrative Order for Compliance" ("Order") to Mr. Barone, requiring Mr.

Barone to cease all discharges of dredged and fill materials at the Site, to submit a

restoration plan to EPA by February 27, 2006, and to complete all restoration work by

August 1, 2006.  The United States issued a "Notice of Violation" of the Order on

September 15, 2006, asserting that the restoration work had not been started.  The

United States asserts that it is authorized to bring a civil action for civil penalties for

violation of the Order pursuant to CWA Section 309(b), 33 U.S.C. § 1319(b).

    D.  In the Complaint, the United States seeks civil penalties against all

- 3 -

Defendants, pursuant to CWA Section 309, 33 U.S.C. § 1319, for alleged violation of Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a), and for discharge of pollutants into waters of the United States without appropriate permits under CWA Sections 402 and 404, 33 U.S.C. §§ 1342, 1344. It also seeks civil penalties against Defendant Barone, pursuant to CWA Section 309, 33 U.S.C. § 1319, for failure to comply with the terms of the Montana General Stormwater Permit, and for violation of the terms of the Order. The United States also seeks injunctive relief against all Defendants in the form of an order requiring them not to violate the CWA, and an injunction requiring Defendants to complete the restoration plan for the Site and to comply with the existing Montana General Stormwater Permit regarding the Site.

E. Defendants deny the allegations of the Complaint and contest the jurisdiction of this Court. By entering into this Consent Decree the Defendants do not admit to any alleged violation of federal, state or local law. If this Consent Decree becomes final, Defendants waive any assertion of lack of jurisdiction. By entering into this Consent Decree, Defendants make no admission as to the validity of the United States' allegations.

F. In 2006, Defendants Barone and BRM submitted to EPA a document entitled "Phase I: Plan for Initial Corrective Measures," and a Restoration Plan. The United States, through EPA, approved both documents. The restoration efforts required by the plans were initiated and are subject to continued monitoring. Defendants Barone and BRM claim to have expended in excess of $600,000 to date in costs associated with

- 4 -

restoration of the Site.

G. The United States and Defendants agree that settlement of this case is in the public interest and that entry of this Consent Decree is the most appropriate means of resolving the United States' claims under the CWA against Defendants in this case.

H. The Court finds that this Consent Decree is a reasonable and fair settlement of the United States' claims against Defendants in this case, and that this Consent Decree adequately protects the public interest in accordance with the CWA and all other applicable federal law.

THEREFORE, before the taking of any testimony upon the pleadings, without further adjudication of any issue of fact or law, and upon consent of the parties hereto by their authorized representatives, it is hereby ORDERED, ADJUDGED and DECREED as follows:

## II. JURISDICTION AND VENUE

1. Court's Jurisdiction. This Court has jurisdiction over the subject matter of this action and over the parties pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Sections 309(b) and 404 of the CWA, 33 U.S.C. §§ 1319(b) and 1344.

2. Venue. Venue is proper in the District of Montana pursuant to CWA Section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1391(b) and (c), and 1395(a), because the Defendants conduct business in this District, the subject property (the "Site") is located in this District, and the causes of action alleged in the Complaint arose in this District.

3. Claims for Relief. The Complaint states claims upon which relief may be

granted pursuant to Sections 301, 309 and 404 of the CWA, 33 U.S.C. §§ 1311, 1319 and 1344.

### III.  APPLICABILITY

4.  <u>Persons Bound</u>.  This Consent Decree is binding upon the United States and all its agencies and departments including, without limitation, the EPA.  The respective obligations of each Defendant set forth in this Consent Decree shall apply to and be binding upon that Defendant, his or its heirs, successors and assigns.  In any action to enforce this Consent Decree against a Defendant, the Defendant shall not raise as a defense the failure of any of its officers, directors, agents, employees or servants, heirs, successors, or assigns or any person, firm or corporation acting in concert or participation with the Defendant, to take any actions necessary to comply with the provisions hereof.

5.  <u>Transfer of Ownership</u>.  The transfer of ownership or other interest in the Site shall not alter or relieve a Defendant of his or its obligation to comply with any applicable terms of this Consent Decree.   Until such time as this Consent Decree is terminated, at least fifteen days prior to the transfer of ownership or other interest in the real property upon which the Site is located, the party making such transfer shall provide written notice and a true copy of the Consent Decree to its successors in interest and shall simultaneously notify EPA and the United States Department of Justice at the address specified in Section XII below that such notice has been given.  As a condition to any such transfer, the transferring party shall reserve access rights to ensure

compliance with the Consent Decree and assure that the transfer does not impede

compliance with the terms of this Consent Decree.

## IV. SCOPE OF CONSENT DECREE

6. Settlement of Civil Claims. This Consent Decree shall constitute a complete

and final settlement of all civil claims for injunctive relief and civil penalties alleged in

the Complaint against the Defendants and Defendants' past or present officers,

directors, members, shareholders (to the extent such persons serve in their capacities as

past or present officers, directors, members or shareholders only), employees, and

agents under CWA Sections 301, 309, 402, and 404, 33 U.S.C. §§ 1311, 1319, 1342, and

1344 concerning the Site.

7. Injunction Against Violation of CWA. Except as in accordance with this

Consent Decree, Defendants are enjoined from discharging any pollutant into waters of

the United States, unless such discharge complies with the provisions of the CWA and

its implementing regulations.

8. Joint and Several Obligation. Defendants' obligations under this Consent

Decree are joint and several.

9. No Effect on Claims Against Non-Parties to the Consent Decree. Subject to

the provisions of Paragraph 6 of this Consent Decree, this Consent Decree in no way

affects the rights of the United States as against any person not a party to this Consent

Decree.

10. Purpose of Meeting Objectives of CWA. The parties recognize that it is the

express purpose of the United States in entering into this Consent Decree to further the objectives set forth in CWA Section 101, 33 U.S.C. § 1251, as well as regulations and permits issued pursuant to the CWA and to require the Defendants to make an agreed upon monetary payment to resolve their civil liability for a penalty.  All plans, studies, construction, remedial maintenance, inspection, monitoring programs, and other obligations of this Consent Decree or resulting from the activities required by the Consent Decree shall have the objective of causing Defendants to achieve and maintain full compliance with the CWA, to further the purposes of the CWA, and to impose a civil penalty upon the Defendants for violation of the CWA.

11.  <u>No Effect on Other Legal Obligations</u>.  This Consent Decree in no way affects or relieves Defendants of their responsibility to comply with any applicable federal, state, or local law, regulation, or permit, including, but not limited to, the Montana General Stormwater Permit.

12.  <u>No Warranty of Compliance with Other Legal Obligations</u>.  The United States does not, by its consent to entry of this Consent Decree, warrant in any manner that the Defendants' compliance with the Consent Decree will result in compliance with the provisions of applicable federal, state, or local laws, regulations or permit conditions.  Notwithstanding the United States' review and approval of any data, reports, or plans formulated pursuant to this Consent Decree, the Defendants shall remain solely responsible for compliance with the CWA.

13.  <u>Consent Decree Not a Permit or Permit Modification</u>.  The Consent Decree is

not and shall not be interpreted to be a permit or modification of any existing permit issued pursuant to Sections 402 or 404 of the CWA, 33 U.S.C. §§ 1342 or 1344, the Montana General Stormwater Permit, or any other law.  With the exception of matters specifically addressed herein, nothing in this Consent Decree shall limit the ability of the United States Corps of Engineers to issue, modify, suspend, revoke, or deny any individual permit or any nationwide or regional general permit, nor shall this Consent Decree limit EPA's ability to exercise its authority pursuant to Section 404(c) of the CWA, 33 U.S.C. § 1344(c).

14.  <u>No Admission of Fact or Law</u>. Except with regard to Paragraphs 1 and 2 of this Consent Decree, nothing in this Consent Decree shall constitute an admission of any other fact or law by any party.  The terms and obligations of this Consent Decree shall be of no effect until the Consent Decree is entered by the Court.

## V.  <u>CIVIL PENALTIES</u>

15.  <u>Payment of Civil Penalties</u>. Defendants shall pay a civil penalty of $ 275,000 to the United States within 60 days of the date this Consent Decree is entered by the Court.

16.  <u>Method of Payment</u>.  Except as otherwise agreed by the parties, Defendants shall make the above-referenced  payment by electronic funds transfer pursuant to instructions to be provided by the Financial Litigation Unit of the United States Attorney's Office, District of Montana.

17.  <u>Notice of Payment</u>.  Upon payment of the amounts required by Section V of

this Consent Decree, Defendant BRM  shall provide written notice, at the addresses

specified in Section XII of this Consent Decree, that such payment was made in

accordance with Paragraph 16.

## VI.  RESTORATION PROGRAM

18.  Completion of Restoration Activities.  Defendants shall complete the

restoration activities as required under the terms and conditions set forth in the "Bar

One Ranch Waters of the U.S. Restoration Plan" ("Restoration Plan") prepared by

PBS&J, Inc., dated September 19, 2006, and approved by EPA on September 22, 2006, a

copy of which is attached hereto as Appendix A.  The Restoration Plan is incorporated

herein by reference as an enforceable part of this Consent Decree.  In addition,

Defendants shall comply with all requirements of the Montana General Stormwater

Permit regarding the Site.

19.  Reporting Obligations.  Defendants shall provide EPA with annual

monitoring reports on the terms and conditions set forth in Paragraph 4.2.2 of the

Restoration Plan.  Defendants shall meet the wetland success criteria set forth in

Paragraph 4.1.1.1 of the Restoration Plan and the channel success criteria set forth in

Paragraph 4.1.1.2 of the Restoration Plan.  Defendants' obligations pursuant to this

Paragraph shall terminate when the success criteria are met and verified by EPA in

writing.

20.  Corrective Actions.  Until this Consent Decree is terminated in accordance

with Section XVI, Defendants shall provide the United States, at the addresses specified

in Section XII of this Consent Decree, with annual monitoring reports pursuant to the

Restoration Plan on or before December 1 of each year.  If, during the monitoring

period, the restoration project identified in the Restoration Plan fails to achieve the

success criteria specified therein, Defendants shall propose corrective measures and a

schedule for their implementation.  Such corrective measures and schedule for the

implementation shall be submitted to the United States within sixty days of the earlier

of (a) Defendants' discovery of the failure to meet success criteria or (b) Defendants'

receipt of the United States' written position that success criteria were not met.

Defendants shall implement the corrective measures upon approval by the United

States subject to seasonal limitations as to any planting of vegetation or construction of

any features.  All disputes arising under this Paragraph are subject to the dispute

resolution procedures in Section VIII of this Consent Decree.

21. <u>No Disturbance of Site</u>.  Upon completion of the terms and conditions of the

Restoration Plan, Defendants shall not dredge, excavate, fill, dewater, plow, or drain

any location identified in the Restoration Plan, except as approved by EPA.

22. <u>Consent Decree to be Recorded</u>.  To ensure that all parcels of land identified

in the Restoration Plan remain undisturbed, Defendants shall, within fifteen days after

entry of this Consent Decree by the Court, record a certified copy of this Consent

Decree in the real property records in Missoula County, Montana.  Thereafter, each

deed, title, or other instrument conveying an interest in any property identified in the

Restoration Plan shall contain a notice that the property is subject to this Consent

Decree and shall reference the recorded location of the Consent Decree.

23. <u>Certification</u>.  In all notices, documents, or reports submitted to the United

States pursuant to this Consent Decree, the Defendants shall, by signature of a senior

management official, certify such notices, documents, and reports as follows:

> I certify under penalty of law that this document and all attachments were
> prepared at my direction or supervision in accordance with an effort
> designed to assure that qualified personnel properly gather and evaluate
> the information submitted.  Based on my inquiry of the person or persons
> who have obtained or produced the document and attachments, or those
> persons directly responsible for gathering such information, the
> information submitted is, to the best of my knowledge and belief, true,
> accurate, and complete.  I am aware that there are substantial penalties for
> submitting false information, including the possibility of fine and
> imprisonment for knowing violations.

## VII. <u>RETENTION OF RECORDS AND RIGHT OF ENTRY</u>

24. <u>Retention of Records</u>.  Until five years after termination of this Consent

Decree pursuant to Section XVI, Defendants shall preserve and retain all Records now

in their possession or control or which come into their possession or control, regardless

of any corporate or other organizational policy to the contrary.  "Records" means any

record, report, information, document, or photograph that relates in any way to the

performance of the tasks in Section VI (Restoration Program).  Defendants shall also

instruct their contractors and agents to preserve all Records until five years after

termination of this Consent Decree pursuant to Section XVI; provided, however, that

the failure of such contractor or agent to comply with this instruction, if such contractor

or agent has been notified pursuant to this sentence, shall not be a basis for a claim by

the United States against Defendants for stipulated or other penalties or a basis for a

claim by a Defendant that the United States has failed to comply with this Consent

Decree.   Defendants shall deliver such Records to the United States upon request.

25. <u>Claims of Privilege</u>.  A party may assert that any Records requested by the

opposing party are privileged and confidential pursuant to the attorney-client privilege,

attorney work product doctrine, or any other privilege recognized by federal law and

may assert that any requested Record is confidential business or government

information pursuant to applicable state or federal law.  If a party asserts a privilege,

that party shall provide the opposing party with the following: (a) the title of the

document, record, or information; (b) the date of the document, record, or information;

(c) the name and title of the author of the document, record, or information; (d) the

name and title of each addressee and recipient; (e) a description of the subject of the

document, record, or information; and (f) the privilege asserted by the party.  However,

no documents, reports, or information required to be created or maintained by this

Consent Decree shall be withheld on the ground that it is privileged.

26. <u>Right of Entry</u>.

A.  Until termination of this Consent Decree, all Defendants agree that the

United States and its authorized representatives and contractors shall have authority at

all reasonable times to enter the Site to:

I.  Monitor the activities required by this Consent Decree.

ii.  Verify any data or information submitted to the United States.

iii.  At the sole cost of the United States, obtain samples from the

- 13 -

Site and, upon request, splits or duplicates of any samples taken by any Defendant, its contractors or consultants.

           iv.  Inspect and evaluate Defendants' restoration and/or mitigation activities and compliance with law.

           v.  Inspect and review any Records required to be kept under the terms and conditions of this Consent Decree and the Clean Water Act.

           B.  This provision of the Consent Decree is in addition to, and in no way limits or otherwise affects, the statutory authorities of the United States to conduct inspections, require monitoring, and to obtain information from Defendants as authorized by law.

## VIII.  DISPUTE RESOLUTION

           27.  Dispute Resolution Process.  Any dispute that arises with respect to the meaning or requirements of this Consent Decree shall be, in the first instance, the subject of informal negotiations between the United States and the Defendants affected by the dispute.  The period for informal negotiations shall not extend beyond thirty days beginning with written notice by one party to the other affected party or parties that a dispute exists, unless agreed to in writing by those parties.  If a dispute between the United States and one or more Defendants cannot be resolved by informal negotiations, then the position advanced by the United States shall be binding unless, within thirty days after the end of the informal negotiations period, one or more Defendants file a motion with the Court seeking resolution of the dispute.  The motion

shall set forth the nature of the dispute and a proposal for its resolution.  The United States shall have thirty days to respond to the motion.  In resolving any such dispute brought before the Court, the Defendants shall bear the burden of proving by a preponderance of the evidence that the United States' position is not in accordance with the objectives of this Consent Decree and the CWA, and that position taken by the moving Defendant or Defendants better meets the terms and conditions of this Consent Decree and the objectives of the CWA.

28.  <u>Extension of Time to Meet Obligations Due to Dispute</u>.  The filing of a motion asking the Court to resolve a dispute shall not extend or postpone any obligation of any Defendants under this Consent Decree, except as provided in Paragraph 35 below regarding payment of stipulated penalties or as ordered by the Court upon filing of a motion for extension of time.

29.  <u>Shortening Dispute Resolution Period</u>.  If a party believes that (1) a dispute is not a good faith dispute, or (2) that a delay would pose or increase a threat of harm to the public or the environment, or (3) a demand made by the United States would cause irreparable harm to one or more Defendants, the party may move the Court for a resolution of the dispute prior to the expiration of the thirty-day period for informal negotiations.  The responding party shall have fourteen days to respond to the motion and propose an alternative resolution.

## IX. <u>FORCE MAJEURE</u>

30.  <u>Force Majeure Events</u>.  Defendants shall perform the actions required under

- 15 -

this Decree within the time limits set forth or approved herein, unless the performance is prevented or delayed solely by events which constitute a Force Majeure event. A Force Majeure event is defined as any event arising from causes beyond the control of Defendants, including their employees, agents, consultants and contractors, which could not be overcome by due diligence and which delays or prevents the performance of an action required by this Consent Decree within the specified time period.

31. <u>Notification of Force Majeure Event or Act of Plaintiff or its Agent Delaying or Preventing Compliance</u>. If Defendants believe that a Force Majeure event has affected their ability to perform any action required under this Consent Decree, Defendants shall notify the United States in writing within ten (10) working days after the event or act has occurred at the addresses listed in Section XII. Such notice shall include a discussion of what action has been affected; the specific cause(s) of the delay or non-compliance; the length or estimated duration of any resulting delay; and any measures taken or planned by the Defendants to prevent or minimize the delay; and a schedule for the implementation of such measures. Defendants may also provide to the United States any additional information that they deem appropriate to support their conclusion that a Force Majeure event has affected their ability to perform an action required under this Consent Decree. Failure to provide to provide the foregoing information to the United States in a timely fashion shall constitute a waiver of any claim a Force Majeure event has delayed or prevented the Defendants' compliance with this Consent Decree.

32.  <u>Relief from Compliance or Extension of Deadline Due to Force Majeure</u> <u>Event</u>.  If the United States or the Court determines that the conditions constitute a Force Majeure event, then, at the discretion of the United States, subject to dispute by Defendants, the deadline for the affected action may be extended by the amount of time of the delay caused by the Force Majeure event, or the Defendants shall be relieved from completing the affected action.  Defendants shall coordinate with the United States to determine when to begin or resume the operations that had been affected by any Force Majeure event.

33.  <u>Dispute Resolution Regarding Force Majeure</u>.  If the parties are unable to agree whether the conditions constitute a Force Majeure event or whether the length of time for fulfilling the provision of the Consent Decree at issue should be extended, any party may seek a resolution of the dispute under the procedures in Section VIII of this Consent Decree.

34.  <u>Proof of Force Majeure Event</u>.  Defendants shall bear the burden of proving by a preponderance of the evidence (1) that the noncompliance at issue was caused by circumstances entirely beyond the control of Defendants and any entity controlled by Defendants, including their contractors and consultants; (2) that Defendants or any entity controlled by Defendants could not have foreseen and prevented such noncompliance; and (3) the number of days of noncompliance that were caused by such circumstances.

## X.  STIPULATED PENALTIES

35.  Stipulated Penalties.  After entry of this Consent Decree, if  Defendants fail

to timely fulfill any requirement of the Consent Decree,  Defendants shall pay a

stipulated penalty to the United States for each violation of each requirement of this

Consent Decree as follows:

A.  For Day 1 up to and including Day 30 of noncompliance, $1,000 per

day.

B.  For Day 31 up to and including Day 60 of noncompliance, $2,000 per

day.

C.  For Day 61 and beyond of noncompliance, $3,000 per day.

Such payments shall be made by the liable party upon demand by the United States on

or before the last day of the month following the month in which the stipulated penalty

accrued.

36.  Disputes Regarding Stipulated Penalties.  Any disputes concerning the

amount of stipulated penalties, or the underlying violation that gives rise to the

stipulated penalties, that cannot be resolved by the parties pursuant to the Dispute

Resolution provisions in Section VIII and/or the Force Majeure provisions in Section IX

shall be resolved upon motion to this Court as provided in Paragraph 27 of this Consent

Decree.

37.  Stay of Stipulated Penalties Pending Dispute Resolution Process.  The

initiation of the dispute resolution process set forth in Paragraph 27 shall stay

Defendants' obligation to pay any stipulated penalties with respect to the disputed matter pending resolution of the dispute.  Notwithstanding the stay of payment, stipulated penalties shall continue to accrue from the first day of any failure or refusal to comply with any term or condition of this Consent Decree.  In the event a moving Defendant or Defendants prevail in the dispute, stipulated penalties for the period of time required to resolve the dispute need not be paid.   In the event that the moving Defendant or Defendants do not prevail on the disputed issue, stipulated penalties shall continue to be due and payable by  Defendants as provided in this Section.

38.  <u>Excuse for Force Majeure Events</u>.  To the extent Defendants demonstrate to the Court that a delay or other non-compliance was due to a Force Majeure event (as defined in Paragraph 31 above) or otherwise prevail on the disputed issue, the Court shall excuse the stipulated penalties for that delay or non-compliance.

39.  <u>Interest on Stipulated Penalties</u>.  In the event that a stipulated penalty payment is applicable and not made on time, interest will be charged on the stipulated penalty amount in accordance with the statutory judgment interest rate provided for in 28 U.S.C. § 1961.  The interest shall be computed daily from the time the payment is due until the date the payment is made.  The interest shall also be compounded annually.

40.  <u>Payment Instructions for Stipulated Penalties</u>.  Except as otherwise agreed by the parties, Defendants shall make the above-referenced payment by electronic funds transfer pursuant to instructions to be provided by the Financial Litigation Unit of the United States Attorney's Office, District of Montana.  Further, upon payment of

any stipulated penalties, the applicable Defendant shall provide written notice at the addresses specified in Section XII of this Decree.

## XI.  RESERVATION OF RIGHTS

41.  <u>United States' Reservation of Rights</u>.  The United States reserves all legal and equitable remedies available to enforce the provisions of this Consent Decree.  This Consent Decree shall not be construed to limit any right to obtain penalties or injunctive relief available to the United States under other federal, state, or local laws and regulations, except as expressly specified herein.  This Consent Decree shall not be construed to limit the right of any Defendant to defend against any claim made  by any third  party or to seek legal or equitable relief from any third party or from another Defendant based upon or stemming from the alleged activities identified in the United States' complaint filed in this action.

## XII.  ADDRESSES

42.  <u>Addresses for Notices Under the Consent Decree</u>.  All notices and communications required under this Consent Decree shall be made to the parties through each of the following persons and addresses, or to an alternative individual or entity, thirty (30) days after the name and address of the alternative individual or entity has been sent to all other parties via the U.S. Mails, return receipt requested :

A.      <u>TO EPA</u>:

Wendy I. Silver, 8ENF-L
Senior Enforcement Attorney
United States Environmental Protection Agency
Region 8
1595 Wynkoop Street
Denver, Colorado 80202
silver.wendy@epa.gov

Kenneth M. Champagne, 8ENF-W
Section 404 Enforcement Program
United States Environmental Protection Agency
Region 8
1595 Wynkoop Street
Denver, Colorado 80202
champagne.kenneth@epa.gov

B.      TO THE UNITED STATES DEPARTMENT OF JUSTICE

Section Chief
Ref. No. 90-5-1-1-18203
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
601 D Street, NW
Washington, DC 20004

C.      TO ALFRED BARONE:

John E. Smith, Esq.
Smith & Stephens, P.C.
315 West Pine
Missoula, MT 59807

D.      TO BAR-ONE RANCH MANAGEMENT, LLC:

Stephen R. Brown, Esq.
Elena J. Zlatnik, Esq.
Garlington, Lohn & Robinson, PLLP
199 West Pine
P O Box 7909
Missoula, MT 59807-7909

E.   TO BAR-1 RANCH. LTD and BAR-1 RANCH 2, LLC:

> Michael J. Sherwood, Esq.
> 401 N. Washington Street
> P O Box 8358
> Missoula, MT 59807-8358

## XIII.  COSTS OF SUIT

43.  Attorneys' Fees and Costs.  Each party to this Consent Decree shall bear its
own attorneys' fees and costs in this action.

## XIV.  PUBLIC COMMENT

44.  Public Notice of Proposed Consent Decree.  The parties acknowledge that
after the lodging and before the entry of this Consent Decree, final approval by the
United States is subject to the requirements of 28 C.F.R. § 50.7, which provides that
notice of the proposed consent decree be given to the public and that the public shall
have at least thirty days to submit comments.  The United States reserves the right to
withhold or withdraw its consent to the entry of this Consent Decree if the comments
received disclose facts which lead the United States to conclude that the proposed
judgment is inappropriate, improper, or inadequate.  The  Defendants agree not to
withdraw from, oppose entry of, or to challenge any provision of this Consent Decree,
unless the United States has timely notified the  Defendants in writing that it no longer
supports entry of the Consent Decree.

## XV.  CONTINUING JURISDICTION OF THE COURT

45.  Court to Retain Jurisdiction.  The Court shall retain jurisdiction over this
action in order to enforce or  modify this Consent Decree consistent with applicable law

or to resolve all disputes arising hereunder as may be necessary or appropriate for construction or execution of this Consent Decree. During the pendency of the Consent Decree, any party may apply to the Court for any relief necessary to construe and effectuate the Consent Decree.

### XVI. MODIFICATION AND TERMINATION OF CONSENT DECREE

46. <u>Modification of Consent Decree Terms</u>. Upon its entry by the Court, this Consent Decree shall have the force and effect of a final judgment. Any modification of the terms and conditions of this Consent Decree shall be in writing, and shall not take effect unless signed by both the United States and the Defendants and approved by the Court.

47. <u>Termination of Consent Decree</u>. Defendants may request the United States' consent to terminate this Consent Decree. In seeking such consent, Defendants shall demonstrate the following:

      A. Defendants have satisfactorily completed all of the actions required by this Consent Decree;

      B. Each Defendant has obtained and maintained compliance with all provisions of this Consent Decree;

      C. Defendants have paid all penalties and other monetary obligations hereunder and no penalties or other monetary obligations are outstanding or owed to the United States;

      D. There are no unresolved matters subject to dispute resolution pending

pursuant to the dispute resolution provisions of this Consent Decree; and

   E.  No enforcement action under this Consent Decree is pending.

  48.  <u>Joint Stipulation for Termination or Dispute Resolution</u>.  If the United States

agrees that the requirements of Paragraph 47 are satisfied, the parties shall submit, for

the Court's approval, a joint stipulation terminating the Consent Decree.  If the United

States does not agree that the requirements of Paragraph 47 are satisfied, the

Defendants may invoke the provisions of Section VIII (Dispute Resolution) and the

Consent Decree shall remain in effect pending resolution of the dispute by the parties,

or, ultimately, by the Court.  In any dispute regarding termination of this Consent

Decree, Defendants shall bear the burden of proving by a preponderance of the

evidence that all conditions required for termination of this Consent Decree are

satisfied.

  49.  <u>Entire Agreement.</u>  This Consent Decree and its appendices constitute the

final, complete and exclusive agreement and understanding among the Parties with

respect to the settlement embodied in this Consent Decree.   The Parties acknowledge

that there are no representations, agreements or understandings relating to the

settlement other than those expressly contained in this Consent Decree

  50.  <u>Authority to Execute Consent Decree and Bind Party</u>.   By signing this

Consent Decree, each signatory warrants that the signatory has full authority to act on

behalf of the party the signatory purports to represent.

IT IS SO ORDERED.

Dated and entered this _____ day of _____ 2011.

BY THE COURT:

_____
United States District Judge

FOR THE PLAINTIFF, THE UNITED STATES
OF AMERICA:

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division

Dated: March 31, 2011          By:   _____
                                     DANIEL PINKSTON
                                     Environmental Defense Section
                                     Environment and Natural Resource Division
                                     United States Department of Justice
                                     999 18th Street
                                     South Terrace, Suite 370
                                     Denver, Colorado 80202
                                     Phone:  (303) 844-1804
                                     Fax:    (303) 844-1350
                                     daniel.pinkston@usdoj.gov

                                     MICHAEL COTTER
                                     United States Attorney
                                     LEIF M. JOHNSON
                                     Assistant U.S. Attorney
                                     U.S. Attorney's Office
                                     P.O. Box 1478
                                     Billings, MT 59103
                                     2929 3rd Ave. North, Suite 400

behalf of the party the signatory purports to represent.

IT IS SO ORDERED.

Dated and entered this _____ day of _____ 2011.

BY THE COURT:

_____

United States District Judge

FOR THE PLAINTIFF, THE UNITED STATES
OF AMERICA:

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division

Dated: *March 31, 2011*        By: _____

DANIEL W. PINKSTON
Environmental Defense Section
Environment and Natural Resource Division
United States Department of Justice
999 18th Street
South Terrace, Suite 370
Denver, Colorado 80202
Phone: (303) 844-1804
Fax:     (303) 844-1350
daniel.pinkston@usdoj.gov

MICHAEL COTTER
United States Attorney
LEIF M. JOHNSON
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 1478
Billings, MT 59103
2929 3rd Ave. North, Suite 400

- 25 -

Billings, MT 59101
Phone: (406) 657-6101
leif.johnson@usdoj.gov

Dated: **MAR 2 3 2011**

ANDREW M. GAYDOSH
Assistant Regional Administrator
Office of Enforcement, Compliance and
  Environmental Justice
United States Environmental Protection
  Agency, Region 8

Dated: 3/17/11

WENDY I. SILVER
Senior Enforcement Attorney
United States Environmental Protection
  Agency, Region 8
1595 Wynkoop Street
Denver, Colorado 80202
Phone:  (303) 312-6637
silver.wendy@epa.gov

Dated: 3/29/11

ADAM KUSHNER
Director
Office of Civil Enforcement
Office of Enforcement and Compliance
    Assurance
United States Environmental Protection
    Agency

Dated: 3/29/11

MARK POLLINS
Director
Water Enforcement Division
United States Environmental Protection
    Agency

Dated: 3/28/11

JAMES VINCH
Attorney
Water Enforcement Division
United States Environmental Protection
    Agency
1200 Pennsylvana Avenue, S.W.
Ariel Rios South Building
Room 4119C
Washington, D.C. 20460
Phone: (202) 564-1256
vinch.james@epa.gov

- 27 -

FOR DEFENDANT ALFRED BARONE:

Dated: 03. 03. 11

JOHN E. SMITH
Smith & Stephens, P.C.
315 West Pine
Missoula, MT 59807
Phone: (406) 721-0300
john@smithstephens.com

FOR DEFENDANT BAR-ONE RANCH
MANAGEMENT, LLC:

Dated: 3/3/2011

STEPHEN R. BROWN
ELENA J. ZLATNIK
Garlington, Lohn & Robinson, PLLP
199 West Pine
P O Box 7909
Missoula, MT 59807-7909
Phone: (406) 523-2500
srbrown@garlington.com

FOR DEFENDANTS BAR-1 RANCH, LTD and
BAR-1 RANCH 2, LLC:

Dated: 3/3/11

MICHAEL J. SHERWOOD
401 N. Washington Street
P O Box 8358
Missoula, MT 59807-8358
Phone: (406) 721-2729
mike@mjsherwoodlaw.com

-28-